Totten, J.,
delivered the opinion of the court.
At the August term, 1834, of the county court of Smith, the will of Francis Cornwell, deceased, was proved in common form by the two attesting witnesses, and Silas C. Cornwell entered into bond and assumed the office of executor. At August term, 1849, Larkin Cornwell filed his petition, stating that Francis Cornwell, the supposed testator, was his grandfather, that said paper writing was not a valid will, and praying that he be permitted to contest it, and that it be certified to the circuit court for that purpose. The order was made, and the case transferred to the circuit court; and at subsequent terms of the county court, other orders were made therein, purporting to be made nunc pro tunc, to supply deficiencies in the first order, one of which professes to set aside and annul the probate of common form. The executor was not cited to appear in the cpunty court, but appeared in the circuit court to resist the proceeding, and on his motion, the orders taken in the county court are set aside and annulled, and the will remanded to the county court to have the force and effect properly appertaining to it, in virtue of the probate in common form; and from this judgment, the said contestant has appealed in error to this court.
In Wynne vs. Spiers, 7 Hum. R. 407, the court say: “it is *486 well settled that it is not a matter of course to set aside the probate, and re-probate the will; it would be of most mischievous consequence if it were so ; a stranger will not be permitted to disturb the existing probate ; a kinsman, who is not the nearest of kin, and who could take nothing under the statute of distributions, if there were no will, shall not disturb it. If any thus situated, present themselves to the county court, and move to set aside the probate, and on a contest there, this be ordered and decreed, why shall not the executor be ¡permitted to appeal from the final sentence as to this matter of controversy.” In the same case, the court further say : “it is a sentence materially affecting the subject matter of contestation ; inform, final upon the point decided; and which the party dissatisfied ought to have an opportunity of reviewing in the appellate tribunal, before it leads to further mischief.” To the same effect, is the case of Harvey vs. Smith, 1 Dev. & Batt. Law R. 190. In Burrow vs. Ragland, 6 Hum. R. 486, the court say, in argument, the party desiring to re-propound a will for probate, “must cite the executor to appear before the county court for that purpose, which being done, the parties are entitled to their issue upon the will, and to a trial in the circuit court.”
We may therefore regard the proceeding in the county court, as a suit asking the court to set aside the probate of common form, and to transfer the will to the circuit court to be proved in solemn form, on the issue, devisavit vel non. The county court has no other or further jurisdiction in the matter, and its judgment in this respect being final, it maybe appealed from by either party. We may further assume, upon principle, as well as authority, that the parties to the suit must be interested in the contest; that is, the contestant must be interested in the estate of the deceased, in case of his intestacy, and the executor is the proper party to represent those who are interested in the provisions of the will. We do not *487 say, that the persons interested in maintaining the will, might not, on their application, be permitted by the court to make defence ; but that the executor who has proved the will, is the formal and necessary party against whom the suit shall be instituted.
As to the form of the suit, the case of Harvey vs. Smith, 1 Dev. & Batt. Law R. 188, was by petition, summons and answer; the case of Gibson vs. Lane, 9 Yer. R. 475, was by petition, but it does not appear in the report, what process was taken against the executor; the case of Wynne vs. Spiers,7 Hum. 395, was by motion and citation to the executor “to show cause, why the probate of said will should not be contested,” and the defendant appeared and filed an informal plea, stating the ground of his defence. The practice in this case, seems to have been inconvenient and imperfect, as there was no pleading on the part of the contestant, stating the grounds of his suit, and to which the executor could technically and properly make defence, by plea or answer.
We think the practice adopted in Harvey vs. Smith, was proper and convenient; the petition should state, the interest of the plaintiff and the facts upon which he relies to set aside the probate, and re-propound the will; the executor, being summoned, should make his defence, by answer to the peti-. tion, and thus, the nature of the contest between the parties, will appear, in this as in other cases, by their pleadings, and the court be the better able to determine it.
Now, in the case before us, the proceeding is very defective in several respects. It does not appear that the contestant was so related to the deceased as to be interested in his estate in case of intestacy, as he states merely that the deceased was his grand-father, but it does not appear, but that his own father may be living. In the next place, it does not appear that the executor was made a party to the suit, or that he appeared and made defence in the county court. The case *488 then results in this, that the county court ordered and decreed that the probate of the will be set aside, upon the petition of a party not interested, and in the absence of a party who was interested. We have seen, that these objections go to the substance of the record, and show it to be erroneous and improper.
The action of the circuit court set aside, and annulled this proceeding, and we affirm its judgment. Let the judgment be affirmed.